IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES O'MALLEY,

    Plaintiff,

v.                                         Cause No. 4:17-cv-246

CONTINENTAL SUPERIOR
MANAGEMENT GROUP GP,
LLC, CONTINENTAL                  A Jury is Demanded
SUPERIOR MANAGEMENT
GROUPS, LP, HASHIM
LAKHANY, ABC ASSOCIATED
BUILDERS AND
CONTRACTORS, INC. and,
SAMIR E. HABAYEB,

    Defendants.

## **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff, JAMES O'MALLEY, by and through his undersigned counsel, hereby brings this action against Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, HASHIM LAKHANY, ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC. and, SAMIR E. HABAYEB, (hereinafter sometimes referred to collectively as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III)("FLSA"). This is an individual action to recover

1

unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

## PARTIES

1. Plaintiff resides in Harris County, Texas.

2. Plaintiff, JAMES O'MALLEY, was an "employee" of Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP, and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., as that term is defined by the FLSA. During his employment with Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP, and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., the Plaintiff was individually and directly engaged in interstate commerce by working on the instrumentalities thereof (roads, highways), and his work was essential to Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP, and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC.'s business.

3. Defendant, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP, in a Texas limited partnership managed by Defendant, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC.

4. Defendant, HASHIM LAKHANY, is an individual believed to be residing in Harris County, Texas. Defendant, HASHIM LAKHANY, operates Defendant, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant, HASHIM LAKHANY, was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

5. Defendant, SAMIR E. HABAYEB, is an individual believed to be residing in Harris County, Texas. Defendant, SAMIR E. HABAYEB, operates Defendant, ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., and at all times relevant to this claim acted directly or indirectly in the interest of Defendant, ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant, SAMIR E. HABAYEB, was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

6. Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC.,

are corporations formed and existing under the laws of the State of Texas and which maintain and operate a business in Harris County, Texas. Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., employed Plaintiff as a "Project Manager" and "Security" from November of 2014, until September of 2016. Defendant paid Plaintiff a day rate of $90.00 per day for each position.

7. Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., are subject to the provisions of the FLSA, and were at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP, and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., involves the actual movement of commerce.

### JURISDICTION AND VENUE

8. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).  At all times pertinent to this Complaint, Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., were an enterprise engaged in interstate commerce, transporting materials through commerce, and conducting transactions through commerce, including the construction of the channels of interstate commerce.  At all times pertinent to this Complaint, Defendants, CONTINENTAL SUPERIOR MANAGEMENT GROUP GP, LLC, CONTINENTAL SUPERIOR MANAGEMENT GROUPS, LP and ABC ASSOCIATED BUILDERS AND CONTRACTORS, INC., regularly owned and operated a business engaged in commerce or as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  The Plaintiff's work was essential to Defendants' business.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

**FACTS SUPPORTING RELIEF**

10. Plaintiff's primary duties did not consist of work that would be considered exempt under any exemption set forth in the FLSA.

11. Plaintiff worked numerous hours per week during one or more weeks of his employment with the Defendants. Plaintiff had four (4) hours each day to shower and/or sleep. The initial ten (10) hours of his work day were spent in his capacity as Project Manager. The second ten (10) hours of each workday, Plaintiff spent working in Security.

12. During some or all of the workweeks of Plaintiff's tenure with the Defendants, Plaintiff worked in excess of 40 hours per week.

13. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

14. The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

15. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

16. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

17. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

18. Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

### CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISION

19. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

20. The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

21. Defendants did not pay Plaintiff the overtime rate for hours worked over forty (40).

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

23. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

24. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

25. Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has

appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff.  To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel.  Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff, JAMES O'MALLEY, hereby demands a trial by jury on all claims he has asserted in this Complaint.

## PRAYER FOR RELIEF

Plaintiff, JAMES O'MALLEY, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear.  Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants, jointly and severally, that their violations of the FLSA were willful;

2. Judgment against Defendants, jointly and severally, for an amount equal to Plaintiff's unpaid overtime at the proper rate;

3. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. Award all costs, recoverable expenses and attorney's fees incurred in prosecuting these claims; as a Judgment against the Defendants, jointly and severally.

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Thomas H. Padgett, Jr.*
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:  800-634-8042
Ph:  512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701

9

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS FOR PLAINTIFF**